# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT FENNELL,             :
                            :
    Plaintiff,          :
                            :
  v.                        :  No.: 4:16-CV-2280
                            :
JOHN WETZEL, ET AL.,        :  (Judge Brann)
                            :
    Defendant.          :

## ORDER

### JULY 5, 2017

## I.     BACKGROUND

Robert Fennell an inmate presently confined at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania (SCI-Smithfield) filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This Court previously issued an Order directing Plaintiff to file an amended complaint. Although a proposed amended complaint has not yet been submitted, Fennell has filed a motion for reconsideration.

Presently pending is Plaintiff's request seeking appointment of counsel. *See* Doc. 6.

Prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, However, this Court does have broad discretionary power to appoint

counsel under 28 U.S.C. § 1915(e)(1). *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The Third Circuit has similarly held that "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citation omitted). *Montgomery* also reiterated that the criteria developed in *Tabron* should be employed in addressing the appointment of counsel question. In a non-precedential decision, *Gordon v. Gonzalez*, No. 04-4623, 2007 WL 1241583 * 2 n. 4 (3d Cir. April 30, 2007), the Third Circuit added that two other factors to be taken into consideration are: (1) the court's willingness to aid the indigent party in presenting his or her case; and (2) the available supply of lawyers willing to accept §1915(e) requests within the relevant geographical area.

Fennell's pending request fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel at the present time. *Tabron,*

*supra,* at 155-56. In the pleadings submitted by Plaintiff to date, he has demonstrated that he is capable of presenting comprehensible arguments. Furthermore, this Court's liberal construction of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), coupled with Fennell's current ability to litigate this action *pro se*, mitigate against the appointment of counsel. In addition, the legal issues are relatively uncomplicated and the Court cannot say, at least at this point, that Plaintiff will suffer substantial prejudice if he is forced to prosecute this case on his own.

Therefore, Fennell's motion for appointment of counsel will be denied. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by the Plaintiff.

**AND NOW,** for the reasons set forth herein, **IT IS HEREBY ORDERED** that:

>Plaintiff's motion (Doc. 6) seeking appointment of counsel is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge