# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT FENNELL, | : | |
| Plaintiff, | : | |
| v. | : | No. 4:16-CV-2280 |
| JOHN WETZEL, *ET AL.*, | : | (Judge Brann) |
| Defendants. | : | |

## MEMORANDUM OPINION

### JUNE 15, 2018

## I.  BACKGROUND

Robert Fennell an inmate presently confined at the Smithfield State Correctional Institution, Huntingdon, Pennsylvania (SCI-Smithfield) filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Following an initial screening of Plaintiff's action, this Court issued an Order directing him to file an amended complaint within twenty-one (21) days which was limited to claims within the applicable two year limitations period, stated each claim he wished to pursue in a clear and concise manner, identified all defendants, and specified the relief he was seeking. Fennell responded by filing a motion for reconsideration. By Order dated August 9, 2017, Plaintiff's request for reconsideration was denied and he was granted an additional period in which to file

a proposed amended complaint as previously directed. The Order specifically warned Plaintiff that failure to timely file a proposed amended complaint would result in dismissal of his action for failure to prosecute.

## II. DISCUSSION

This Court's review of the docket shows that since entry of the August 9, 2017 Order, Fennell has not made any filings with the Court. A copy of the Order which was mailed to the Plaintiff has not been returned as undeliverable, a proposed amended complaint has not been submitted, and Fennell has not requested additional time in which to file an amended complaint.

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice. *See Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis). In a similar case, the United States Court of Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" when a litigant fails to comply with a court order directing him to file an amended complaint. *See Azubuko v. Bell*

*National Organization*, 243 Fed. Appx. 728, 729 (3d Cir. 2007).

The Court of Appeals in *Poulis* set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. *See Adams v. Trustees, NJ Brewery Trust Fund*, 29 F.3d 863 (3d Cir. 1994).

Although *Azubuko*, 243 Fed. Appx. at 729, recognizes a "balancing under *Poulis* is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the *Poulis* analysis should be undertaken. *See Hernandez v. Palakovich*, 293 Fed. Appx. 890, 894 (3d Cir. 2008) (*Poulis* factors must be considered before dismissing a case as a sanction for failure to follow a court order).

Adequate grounds have been established here for the extreme sanction of dismissal. It is initially noted that even under the most generous treatment given to Plaintiff's Original Complaint, it could not proceed as stated. Furthermore, although Fennell has been granted more than a reasonable period of time he has failed to make any attempt to submit an amended complaint as directed.

Accordingly, a finding of dilatoriness and willful conduct is warranted. Second, other sanctions are not a viable alternative because this matter simply cannot proceed without the filing of an adequate amended complaint.

Based upon the present posture of this litigation, dismissal of this action without prejudice for failure to prosecute is warranted under the standards set forth in *Azubuko* and *Poulis*.

An appropriate Order will enter.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge